CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED to r
RAD

JUL 0 3 2008

JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| ERNEST JOYNER, | ) | |
| Plaintiff, | ) | Civil Action No.7:08-cv-00359 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| IRWIN FISH, et al., | ) | By: Hon. Jackson L. Kiser |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Ernest Joyner, Federal Register Number 11989-007, has filed a pro se civil action, styled as having been filed pursuant to the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343, although the pleadings suggest that these claims are more appropriately filed pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, with jurisdiction vested under 28 U.S.C. § 1331. Plaintiff, an inmate at the United States Penitentiary, Lee County, in Jonesville, Virginia, asks for in forma pauperis status, seeking to proceed without prepayment of the $350.00 filing fee, pursuant to 28 U.S.C. § 1915.[1] Plaintiff seeks damages in the amount of $200,000.00. Upon

---

[1] The court notes that plaintiff's submission, which the Clerk's Office has docketed as a motion for leave to proceed in forma pauperis, is a frivolous filing in and of itself. The document purports to be a "BOND" submitted as "SECURITY FOR FEES AND COST," payable "IN THE SUM CERTAIN AMOUNT" of $350.00, "[p]ayable on SIGHT against the above Trust Fund Account and back by the FULL FAITH AND CREDIT of the (u)nited states of America, Article IV, Section I of the Constitution." The document lists numbers that are labeled as "Exemption Identification," "UCC Contract Trust Account," and "Registration Number," and plaintiff's signature line is identified as a purported "Secured Party/Creditor."

Plaintiff is advised that prisoners do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, malicious, abusive, or vexatious motions. Demos v. Keating, 33 Fed. Appx. 918 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2001); In re Vincent, 105 F.3d 943 (4th Cir. 1997). Frivolous filings can and will result in the imposition of a pre-filing review system. Vestal v. Clinton, 106 F.3d 553 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the court that are not made in good faith and do not contain substance will be summarily dismissed as frivolous. Foley v. Fix, 106 F.3d 556 (4th Cir. 1997);

(continued...)

review of court records, the court finds that the action must be dismissed without prejudice under

Subsection (g) of §1915 unless plaintiff prepays the filing fee in full within ten (10) days.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"),

provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions or appeals

dismissed for failure to state a claim. See Joyner v. DC, et al., 1:99-cv-03405 (D.C. September 13,

2001) (dism'd for failure to state a claim); Joyner v. DC, et al., 1:01-cv-01240 (D.C. October 30, 2001)

(dism'd under 28 U.S.C. § 1915A(b) for failure to state a claim); Joyner v. DC Dep't. of Corrections,

et al., 1:00-cv-01665 (D.C. July 13, 2000) (dism'd for failure to state a claim); Joyner v. District of

Columbia, et al., 1:04-cv-00682 (E.D. Va. August 5, 2004) (dism'd for failure to state a claim). The

court thus finds that plaintiff has at least three "strikes" within the meaning of §1915(g). Therefore,

the court also finds that he cannot file this civil action or any other civil action without prepayment of

the $350.00 fee required for filing civil actions unless he demonstrates that he is "under imminent

danger of serious physical injury." See 28 U.S.C. §1915(g); see also Abdul-Akbar v. McKelvie, 239

F.3d 307, 314 (3d Cir. 2001) (restating "imminent danger of serious physical harm" standard).

Plaintiff complains that medical treatment he has been given for back pain has been

---

[1](...continued)

In re Head, 19 F.3d 1429 (table), 1994 WL 118464 (4th Cir. 1994). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings, and petitioner can and will be subjected to the imposition of monetary sanctions. See 28 U.S.C. § 1651(a); Fed. R. Civ. P. 11(b) and (c); In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). Plaintiff is hereby warned of the possibility that frivolous, malicious, abusive, or vexatious motions will result in the imposition of a pre-filing injunction. Cromer v. Kraft Foods of North America, Inc., 390 F.3d 812, 818 (4th Cir. 2004).

2

"inadequate"; significantly, however, his complaint and the documents he has submitted in support thereof indicate that he has, indeed, had thorough medical treatment, has never been denied a visit to the doctor, and has been advised to take over-the-counter anti-inflammatory medication. The gist of the complaint is that plaintiff disagrees with the opinions of the medical professionals who have examined and treated him, and he feels that he should be given a magnetic resonance imaging examination and prescription medication, rather than x-rays and non-prescription medication. The court finds that plaintiff fails to demonstrate any imminent danger of serious physical harm.[2] Accordingly, the court shall deny his motion to proceed without prepayment of the filing fee and, if he fails to prepay the $350.00 filing fee within ten (10) days, the court shall dismiss this action without prejudice, pursuant to §1915(g). An appropriate order shall be entered this day.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This ___3rd___ day of July, 2008.

Senior United States District Judge

---

[2] Plaintiff is advised that, for purposes of a constitutional claim of deliberate indifference to a serious medical need pursuant to Bivens and the Eighth Amendment, questions of medical judgment are not subject to judicial review, see Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975), and claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment, see Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985), Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Furthermore, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir.1977). For purposes of a complaint pursuant to the FTCA, the United States may be held liable for personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). It does not appear that plaintiff's allegations meet this requirement. In actions brought under the FTCA, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred; in the instant case, the substantive law of Virginia applies because the negligent act or omission occurred in Virginia. Myrick v. U.S., 723 F.2d 1158, 1159 (4th Cir.1983) (citations omitted).

3